UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JACKIE GAINES** | **CASE NO. 3:22-CV-03384** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court are two motions: "USAA General Indemnity Company's Rule 12(b)(6) Motion to Dismiss" (Doc. 34), wherein USAA General Indemnity ("USAA GIC") moves to dismiss the First Supplemental and Amended Complaint because it did not issue a policy of insurance for Plaintiff, Jackie Gaines, for the property that is the subject of this lawsuit during the relevant time period, and "USAA General Indemnity Company's Federal Rule of Civil Prodcdure [sic] 12(b)(6) Motion to Dismiss" (Doc. 45), wherein USAA GIC moves to dismiss Plaintiff's Second Supplemental and Amended Complaint because it alleges facts not relevant to this lawsuit and the alleged facts do not relate back to the original Complaint.

## INTRODUCTION

On August 27, 2020, Hurricane Laura made landfall, and on October 9, 2020, Hurricane Delta made landfall, both near Lake Charles, Louisiana. Plaintiff initially alleged that the Hurricanes caused damage to her property and that USAA GIC, as the insurer of the property failed to properly adjust her claim.

On August 23, 2022, Plaintiff, through counsel Grant Gardiner, of the McClenny, Mosely, & Associates law firm, filed the instant lawsuit. In that Complaint, Plaintiff named United Service Automobile Association ("USAA") as Defendant. Plaintiff alleged that her property was damaged as a result of Hurricane Laura on August 27, 2020, and Hurricane Delta on October 9, 2020.[1] Plaintiff also alleged that USAA arbitrarily and capriciously underestimated their claim loss.

On October 21, 2022, the Court stayed this case due to concerns regarding massive filings by the MMA law firm and the conduct regarding the law firm as to those filings.[2] On March 4, 2023, the undersigned suspended the MMA law firm and anyone affiliated with the firm.[3] On June 27, 2023, new counsel, Theodore V. Fish, Jr. and Peter J. Diiorio, moved to enroll in this case;[4] that motion was granted and the stay of the case was lifted.[5] Shortly thereafter, USAA filed a Motion to Dismiss for lack of subject jurisdiction because the parties were not completely diverse.[6] In response, Plaintiff filed an "Unopposed Motion for Leave to File First Suppemental [sic] and Amended Complaint to Substitute the Correct Name of Defendant."[7] The Court granted that Motion, which named USAA General Indemnity Company ("USAA GIC") as the correct Defendant.[8] Consequently, USAA moved to withdraw its Motion to Dismiss; that Motion was also granted.[9]

---

[1] Complaint, ¶¶ 9 and 11, Doc. 1.
[2] Doc. 4.
[3] Doc. 11.
[4] Doc. 16.
[5] Doc. 17.
[6] Doc. 21.
[7] Doc. 25.
[8] Doc. 25, 30, 31.
[9] Docs. 28 and 29.

On October 30, 2023, Plaintiff filed Plaintiff's Motion for Leave of Court to File Second Supplemental and Amended Complaint.[10] By Electronic Order, the Magistrate Judge granted this Motion for Leave and the Second Supplemental and Amended Complaint was filed in the record.[11] On October 30, 2023, USAA GIC filed the instant Rule 12(b)(6) Motion to Dismiss and on November 16, 2023, USAA GIC filed the instant Motion to Dismiss the Second Supplemental and Amended Complaint.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success

---

[10] Dco. 40.
[11] Docs. 42 and 43.

but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

USAA GIC informs the Court that Plaintiff alleged in her First Supplemental and Amended Complaint that it issued a policy of insurance for her property in Monroe, Louisiana. USAA GIC further informs the Court that the policy it issued to Plaintiff for the Monroe property was in effect from April 13, 2021, to April 13, 2022, and there was no policy issued by USAA GIC for the period concerning Hurricanes Laura and Delta. Thus, because the policy did not cover Plaintiff's losses that allegedly occurred on either August 27, 2020, or October 9, 2020, USAA GIC moves to dismiss the Plaintiff's First Supplemental and Amended Complaint.[12]

In its opposition, recognizing its fatal flaw, Plaintiff expressly states that it has filed a Second Supplemental and Amended Complaint to correct the dates for Plaintiff's loss.[13] The Second Supplemental and Amended Complaint alleges that USAA GIC issued a policy that was in full force and effect on August 29, 2021, that covered Plaintiff's alleged losses as a result of Hurricane Ida.[14] The Second Supplemental and Amended Complaint, filed on November 2, 2023, alleges that Hurricane Ida made landfall on August 29, 2021. USAA CIG moves to dismiss the Second Supplemental and Amended Complaint because it does not relate back to the original Complaint and the claims asserted therein are prescribed.

---

[12] Doc. 31.
[13] Opposition, p. 2, Doc. 41.
[14] Doc. 43.

While Plaintiff asserts that the purpose of this latest amending complaint is to correct the dates, as noted by USAA GIC, the amending complaint does not include any allegations as to Hurricanes Laura and Delta. Instead, it includes allegations as to Hurricane Ida. Thus, the Second Supplemental and Amended Complaint asserts an entirely different lawsuit from a completely different event or occurrence on a different date. It appears to this Court that counsel for Plaintiff seeks to have its alleged Hurricane Ida claims relate back to the original filing of this lawsuit that included claims concerning Hurricanes Laura and Delta. It is crystal clear the Plaintiff's purpose in filing the Second Supplemental and Amending Complaint is to circumvent the fact that any claims concerning Hurricane Ida, which occurred on August 29, 2021, are prescribed.

As such, the Court agrees with USAA GIC that the First Supplemental and Amended Complaint must be dismissed because there was no policy in effect issued by USAA GIC during the relevant time period for the loss alleged and the claims asserted in Plaintiff's Second Supplemental and Amended Complaint must be dismissed because that amending complaint does not relate back to the original Complaint as it does not stem from the same conduct, transaction, or occurrence as the alleged loss identified in the original Complaint.

## **CONCLUSION**

For the reasons explained herein, USAA General Indemnity Company's Rule 12(b)(6) Motion to Dismiss (Doc. 34) will be granted dismissing the First Supplemental and Amended Complaint with prejudice and USAA General Indemnity Company's Federal

Rule of Civil Procedure 12(b)(6) Motion to Dismiss (Doc. 45) will be granted dismissing the claims alleged in the Second Supplemental and Amended Complaint with prejudice.

**THUS DONE AND SIGNED** in Chambers this 30th day of November, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**